IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA, §
§
*Plaintiff,* §                           5-24-CR-00078-OLG
§
vs. §
§
CHARLES ROUNDTREE, §
§
*Defendant.* §
§
§
§
§
§
§
§

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant's Motion to Dismiss Indictment/Information (the "Motion"). *See* Dkt. No. 34. The Motion was referred for resolution, pursuant to Local Rule CR-58 for the United States District Court for the Western District of Texas. *See* Docket Entry on September 11, 2025. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Motion should be **DENIED**.

**Factual and Procedural Background**

A federal grand jury indicted Charles Roundtree in the Western District of Texas on February 21, 2024, on two counts of violating 18 U.S.C. § 922(g)(1). Dkt. No. 3. Section 922(g)(1) makes it a crime for a convicted felon to "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). Specifically, the indictment charges that Roundtree possessed a Walther

CCP M2 pistol and a CBC GR-8 rifle, both of which had been shipped and transported in interstate and foreign commerce, while "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year." Dkt. No. 3, 1-2.

Roundtree now moves to dismiss the indictment, arguing that 18 U.S.C. 922(g)(1), as applied to him, violates (1) the Second Amendment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024), as well as (2) the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. *See generally* Dkt. No. 34. Roundtree advises that, "[b]ased on discovery provided by the government," he expects the Government to identify five prior felony convictions with which to satisfy the criteria for prior convictions under § 922(g)(1): two prior convictions for possession of a controlled substance in violation of Texas Health & Safety Code § 481.115; one prior conviction for possession of marijuana in violation of Texas Health & Safety Code § 481.121; and two prior convictions for the manufacture or delivery of a controlled substance under Texas Health & Safety Code § 481.112. *Id*. at 2. In making his Motion, Roundtree acknowledges that his arguments for dismissal are foreclosed by controlling Fifth Circuit precedent. *Id*. at 1.

The Government's Response urges the Court to deny the motion, noting that "Defendant asks this Court to dismiss the indictment on two foreclosed grounds," Dkt. No. 36 at 1, and identifying two prior felony convictions for drug trafficking offenses, which it says render § 922(g)(1) constitutional as applied here under Fifth Circuit law. *Id*. at 1-3.

### Analysis

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that a court can determine without a trial on the merits." Here, Roundtree requests that the Court dismiss the indictment. Dkt. No. 34 at 1.

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." "Ordinarily, a motion to dismiss an indictment for failure to state an offense challenges the sufficiency of the indictment itself." *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998). "'[A]n indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged.' The test for sufficiency is 'not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.'" *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000), *overruling on other grounds recognized by United States v. Longoria*, 298 F.3d 367, 372 & n.6 (5th Cir. 2002)). These "minimal constitutional standards" require that the indictment "(1) contain the elements of the offense charged and fairly inform a defendant of the charge[s]" against him, and "(2) enable him to plead an acquittal or conviction in bar of future prosecutions against him for the same offense." *Id*. (internal quotation omitted and cleaned up).

"[T]he propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact. . . . If a question of law is involved, then consideration of the motion is generally proper." *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005), *abrogation on other grounds recognized by United States v. Garcia*, 707 Fed. App'x 231, 234 (5th Cir. 2017) (quotations, brackets, footnote, and citations omitted). When considering a Rule 12 motion, a court is required to take as true all factual allegations in the indictment, *Hogue*, 132

F.3d at 1089, and a court may also take into consideration the undisputed facts before it. *See, e.g.*, *Flores*, 404 F.3d at 324-26.

    A.       **Roundtree's Second Amendment Challenges Are Foreclosed by Precedent.**

The Second Amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Supreme Court, in *New York State Pistol & Rifle Ass'n v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024), has interpreted the amendment to forbid firearms legislation that infringes on the right as it was understood in the founding-era United States.

Post *Bruen* and *Rahimi*, the Fifth Circuit applies "a two-step process for Second Amendment challenges" to firearms legislation. *United States v. Connelly*, 117 F.4th 269, 274 (5th Cir. 2024). First, a court "[a]sks whether the Second Amendment's plain text covers an individual's conduct." *Id*. (citing *Bruen*, 597 U.S. at 17). Second, the court asks whether "the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Id*. (citing *Rahimi*, 602 U.S. at 681). The government bears the burden of demonstrating that the challenged regulation is "'relevantly similar' to laws our tradition is understood to permit." *Id*. (quoting *Bruen*, 597 U.S. at 29) (quotation omitted). "It does so by finding and explicating 'historical precursors' supporting the challenged law's constitutionality." *Id*. (quoting *Bruen*, 597 U.S. at 29).

The Fifth Circuit has applied this process to the statute at issue here and to a defendant who also had previously been convicted of drug trafficking. In *United States v. Kimble*, 142 F.4th 308 (5th Cir. 2025), the Government charged a defendant with violating 18 U.S.C. § 922(g)(1) based on two predicate felony convictions for drug trafficking. The defendant lodged a

constitutional challenge to § 922(g)(1), arguing that it was unconstitutional both facially and as-applied to him. *Id*. at 310. The Fifth Circuit held, following an historical analysis, that "Kimble's conviction accords with the Second Amendment because Congress can categorically disarm individuals convicted of violent felonies like drug trafficking." *Id*. at 318.

Defendant Roundtree concedes that he, too, has prior convictions for drug trafficking and further concedes that dismissal of his indictment is foreclosed under controlling Fifth Circuit precedent. *See* Dkt. No. 34 at 6 ("The Court in *Kimble* . . . held that there was an historical tradition of categorically disarming individuals convicted of violent felonies like drug trafficking.") (citing *Kimble*, 142 F.4th at 318). Moreover, although Roundtree argues that the Fifth Circuit misapplied *Bruen* and *Rahimi* in the *Kimble* decision, he "recognizes that this argument is foreclosed by . . . precedent"; Roundtree therefore "raises it to preserve it for further review." *Id*. at 8. Because *Kimble* is precedential, and given that *Kimble* is effectively indistinguishable from this case, the Motion to Dismiss should be denied as to the Second Amendment grounds it raises.

Roundtree also takes issue with—and presumably seeks to preserve for appeal his arguments against—a second Fifth Circuit decision. *United States v. Diaz*, 116 F.4th 458, 465-70 (5th Cir. 2024), held that the Government can defend firearms legislation by showing an historical tradition of severely punishing the class of persons the law in question seeks to disarm. *Id*. Specifically, the Court analyzed "historical laws authorizing capital punishment and estate forfeiture as consequences for felonies," and noted that "[a]t the time of the Founding, the death penalty was the standard penalty for all serious crimes." *Id*. at 467. Thus, because "at least one of the predicate crimes that [the defendant's] § 922(g)(1) [charge] relie[d] on—theft—was a felony

[at the time of the Founding] and thus would have led to capital punishment or estate forfeiture," a permanent prohibition on possessing firearms was constitutional as applied. *Id*. at 469-70.

Roundtree raises four issues with *Diaz*, arguing that it (1) applies *Bruen* and *Rahimi* at too high a level of generality, (2) relies on laws that did not regulate firearms, (3) relegates Second Amendment rights to "second-class" status, and (4) draws conclusions that are not supported by the historical record. *See* Dkt. No. 34 at 8-9. As with *Kimble*, this Court is bound by *Diaz*'s holding. Thus, if at least one predicate offense underpinning the § 922(g)(1) charge here would have qualified as a felony at the time of the Founding, § 922(g)(1) is constitutional as applied in this case. Because *Kimble* alone adequately supports the Court's recommendation, the Court need not reach the *Diaz* issue but notes it here because Roundtree, to get relief, would need to demonstrate on appeal that *Kimble* and *Diaz* do not independently mandate denial of his motion.

### B. Roundtree's Commerce Clause Challenge Is Also Foreclosed by Precedent.

The Commerce Clause vests in Congress the power "[t]o regulate commerce with foreign nations, and among the several states, and with the Indian tribes." U.S. Const. art. I, § 8, cl. 3. The Supreme Court has identified three categories of activity that Congress may regulate under the Commerce Clause: "First, Congress may regulate the use of the channels of interstate commerce[;] Second, Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons and things or things in interstate commerce;" and Third, "Congress's commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce." *United States v. Lopez*, 512 U.S. 549, 558-59 (1995) (internal citations omitted). Section 922 is an exercise of the Commerce Clause power to regulate

those activities having a substantial relation to interstate commerce. *See id* at 559-60 (analyzing § 922's basis in the Commerce Clause before its amendment to include an interstate nexus).

Defendant Roundtree relies on the Supreme Court's 1995 decision in *Lopez* to argue that because the kind of firearm possession criminalized by § 922(g)(1) does not fall within either of the first two categories, it must fall within the third. Dkt. No. 34 at 10-11. He argues that his gun possession "had nothing to do with commerce and was not a part of a greater scheme of commercial regulation." *Id*. at 11. Moreover, Roundtree cites nonbinding authority expressing doubt about federal legislation criminalizing possession of firearms via the Commerce Clause. *See id*. (citing *United States v. Seekins*, 52 F.4th 988, 991 (5th Cir. 2022) (Ho, J., dissenting); *Alderman v. United States*, 562 U.S. 1163, 1166 (2011) (Thomas, J., dissenting from denial of certiorari)).

In *United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996), the Fifth Circuit upheld § 922(g)(1) as a valid exercise of the Commerce Clause. Subsequent challenges have faced a similar fate. *See United States v. De Leon*, 170 F.3d 494, 499 (5th Cir.1999) ("This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question."); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013) (upholding § 922(g)(1) in the face of a Commerce Clause challenge); *United States v. Medina-Cantu*, 113 F.4th 537, 539 at n. 1 (5th Cir. 2024) (noting, peripherally, that Defendant's § 922(g) Commerce Clause challenge was foreclosed). As with the Second Amendment issue, Defendant Roundtree concedes that his Commerce Clause arguments are foreclosed by binding Fifth Circuit precedent, Dkt. No. 34 at 10-12, notwithstanding any objections he might have to that precedent. Accordingly, Roundtree's Commerce Clause challenge fails.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss, Dkt. No. 34, be **DENIED**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be **filed within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. The objecting party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

9

findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

    **SIGNED** this 3rd day of November, 2025.

 

**RICHARD B.  FARRER**
**UNITED STATES MAGISTRATE JUDGE**